IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL FLORES-REYNA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-06-190 |
| | § | Criminal Action No. H-02-239-01 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## ORDER

Pending before the Court are Petitioner Raul Flores-Reyna's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 36) and the United States of America's Motion to Dismiss (Criminal Document No. 40).  Having considered the motions, submissions, and applicable law, the Court determines that Raul Flores-Reyna's  motion should be denied and the Government's motion to dismiss should be granted.

## BACKGROUND

On April 22, 2002, Raul Flores-Reyna ("Flores-Reyna") was charged by a one count indictment with possession with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A)(ii).  On June 18, 2002,

Flores-Reyna entered a guilty plea pursuant to a written plea agreement.  On August 7, 2003, the Court sentenced Flores-Reyna to seventy-two months imprisonment, five years supervised release, and imposed a special assessment of $100.  On August 12, 2003 the Court entered judgment.  Flores-Reyna did not appeal and his judgment of conviction became final on August 26, 2003.

On January 6, 2006, Flores-Reyna filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]  In his motion, Flores-Reyna claims he has the right to receive up to a twelve month reduction in his sentence because he is not a United States citizen.  Specifically, Flores-Reyna argues that because of his alien status he is not eligible to receive rewards which are available to United States citizens, such as time in a half-way house or incentives for completing the residential drug abuse program.  In addition, Flores-Reyna claims that the Government promised him a reduction of his sentence in exchange for his agreement to testify against a defendant in an unrelated case.

On February 24, 2006, the United States filed a response to Flores-Reyna's § 2255 motion as well as a motion to dismiss.  The United States argues that Flores-

_____

[1]The Clerk received Flores-Reyna's motion on January 17, 2006.  The motion indicates that it was signed, however, on January 6, 2006.  That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing).

2

Reyna's § 2255 motion is time barred and should be dismissed.  Further, the United

States avers even if the motion is not time barred, it should still be dismissed because

the sentencing issue Flores-Reyna asserts is not cognizable under § 2255.


## STANDARD OF REVIEW

To be granted relief under § 2255 a petitioner must establish one of four factors:

"(1) his sentence was imposed in violation of the Constitution or laws of the United

States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the

sentence was in excess of the maximum authorized by law, or (4) the sentence is

otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th

Cir. 1995); 28 U.S.C. § 2255 (2000).  Once a petitioner's right to appeal has been

waived or exhausted, the court is entitled to presume that the petitioner stands fairly

and finally convicted.  *United States v. Frady*, 456 U.S. 152, 164 (1982).  As such, in

order for a petitioner to be granted relief under collateral review, he "must clear a

significantly higher hurdle than would exist on direct appeal."  *Id.* at 166.  Review of

convictions under a § 2255 motion are ordinarily limited to questions of constitutional

or jurisdictional magnitude, which may not be raised for the first time on collateral

review without a showing of cause and prejudice. *United States v. Cervantes*, 132 F.3d

1106, 1109 (5th Cir. 1998).  A § 2255 motion to vacate, set aside, or correct a sentence

3

"may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *Id.*

## LAW & ANALYSIS

### A. TIMELINESS

Section 2255 establishes a one-year time limit within which to file a motion to vacate, set aside, or correct sentence. 28 U.S.C. § 2255. A judgment becomes final when the applicable period for seeking review of a final conviction has expired. *United States v. Canales-Ramirez*, Nos. CR. C-04-720, C.A. C-06-254, 2006 WL 1897237, at *2 (S.D. Tex. July 7, 2006) (citing *Clay v. United States*, 537 U.S. 522, 525 (2003)); *see United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

Here, the Court entered final judgment on August 12, 2003. A criminal defendant must file notice of direct appeal within ten days after entry of the judgment of the district court, FED. R. APP. P. 4(b)(1)(A), excluding intermediate Saturdays, Sundays and legal holidays. FED. R. APP. P. 26. Flores-Reyna did not appeal, therefore the judgment became final on August 26, 2003. Accordingly, Flores-Reyna

4

had until August 26, 2004 to file his § 2255 motion.  However, Flores-Reyna did not

file his collateral attack until January 6, 2006, over sixteen months after the statute of

limitations expired.  Therefore, Flores-Reyna's motion is untimely.[2]   The Court will

nevertheless address Flores-Reyna's substantive arguments.

## B. FLORES-REYNA OFFERS NO EVIDENCE RELATED TO THE GOVERNMENT'S ALLEGED PROMISE

Flores-Reyna asserts that the Government promised him a reduction in his

sentence in exchange for his agreement to testify against a defendant in an unrelated

case.  However, Flores-Reyna offers no evidence to support this alleged promise.  The

Fifth Circuit has recognized that "mere conclusory allegations on a critical issue are

insufficient to raise a constitutional issue."  *United States v. Pineda*, 988 F.2d 22, 23

(5th Cir. 1993); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.) (holding if a

petitioner fails to properly raise a claim, including sufficient factual allegations or proof,

the district court may properly deny and dismiss the § 2255 petition), *cert. denied*, 446

U.S. 945 (1980) .  Flores-Reyna's conclusory statement, therefore, is insufficient to

state a constitutional claim and is not cognizable under § 2255.

## C. FLORES-REYNA'S REMAINING ARGUMENTS ARE NOT COGNIZABLE

---

[2]The doctrine of equitable tolling permits late filing in rare and exceptional circumstances.  *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998).  However, nothing in the record provides a basis for the application of the doctrine of equitable tolling to Flores-Reyna's motion.

UNDER § 2255

Flores-Reyna asserts his sentence is subject to collateral attack on the grounds that his status as a deportable alien subjects him to more severe prison conditions than he would otherwise face.  Because Flores-Reyna's argument is far from pellucid, the Court will construe his motion both as a challenge to the application of the sentencing guidelines and as a challenge to the execution of his sentence.  Assuming Flores-Reyna argues he should have received a reduction in his sentence at the time of sentencing, his motion fails because the Fifth Circuit recognizes that alleged error in the application of the Sentencing Guidelines does not give rise to a claim cognizable under § 2255. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)); *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."), *cert. denied*, 516 U.S. 1165 (1996).          In the alternative, Flores-Reyna apparently avers he should now receive a reduction in his sentence because he is ineligible to receive incentives for completing the residential drug abuse program.  However, a challenge to the execution of a sentence is not cognizable under § 2255.  *United States v.*

6

*Acevedo*, 7 F. App'x 850, 851 (10th Cir. 2001) (holding a challenge concerning the execution, rather than the imposition, of the sentence is not properly brought under § 2255). Therefore, because Flores-Reyna does not state a claim for which relief can be granted under § 2255, his motion must be denied.

<u>CONCLUSION</u>

Flores-Reyna's motion is time barred pursuant to the one year statute of limitations in 28 U.S.C. § 2255. Additionally, Flores-Reyna offers no evidence related to the Government's alleged promise of a reduced sentence. The remaining issues Flores-Reyna raises are not cognizable under § 2255. Accordingly, the Court hereby

ORDERS that Raul Flores-Reyna's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 36) is DENIED. The Court further

ORDERS that the United States' Motion to Dismiss § 2255 Motion as Time Barred (Criminal Document No. 40) is GRANTED.

SIGNED at Houston, Texas, on this 3rd day of August, 2006.

David Hittner

DAVID HITTNER

United States District Judge

7